By the Court.—Monell, J.
The only evidence in this case which had any tendency towards inculpating the defendants, was that of the plaintiff. If either of her other witnesses saw the accident, or the manner in which it occurred. The case was therefore sent to the jury upon the wholly unsupported testimony of the plaintiff, as to the cause of the injury. I say, unsupported testimony, for I cannot regard the evidence of the witness Bohn, as in in any degree corroborating the plaintiff. He merely said, that he “ saw a lady fall off the car, and as she fell off, I saw a hand withdrawn towards the car.” He further said, there were three or four persons on the platform; that he saw a lady falling “and. a hand coming back apparently from her, and that is all I know about the case.” If or is the testimony of the witness Burchir of a more corroborating character. She *408 testified that she saw a man lay his hand on the plaintiff’s shoulder. That was all she saw.
The-plaintiff testified upon her direct examination, that after she got upon the platform, and offered the fare to the conductor, she heard him say: “ She is drunk and does not know what she is about; I do not do business in that way.” That is all I remember, and I saw his hand go up to the bell, and, at the same time, I felt a hand touch my shoulder, and I went flying and I struck the rocks. It seems to me, that I heard the bell tinkle, and I was struck at the same time.”
She further said she could not tell whether she was pushed or turned round, ‘ ‘ because I stood in that way when I went in, and when I fell it was my left side and temple that was hurt.. I could not tell whether 1 fell or was pushed, I saw a hand go up, and I felt a hand go against me, and it seems to me as if I heard a bell ring just as I struck the stones.”
This is all the evidence furnished by the plaintiff, and, in my judgment, in was wholly insufficient to charge the defendants.
There was no proof that the plaintiff was “pushed”' from the car. The plaintiff herself could not tell whether she fell or was pushed, and no witness undertook to swear that she was. pushed. Certainly there was no evidence that the conductor pushed her. There were three or four other persons on the platform, either one of whom might have been the person whose hand the plaintiff felt touching her shoulder. No one could say it was the conductor’s hand.
In viewing this question I put out of sight the evidence furnished by the defendants, and looking only at the plaintiff’s side, I am unable to justify the verdict, and think the plaintiff should have been nonsuited.
To charge a master for the misconduct of his servant there must be sufficient evidence of such misconduct, and no mere conjectural case will do.
*409 Unless we are to hold that, prima facie, railroad conductors and drivers are always negligent, so as to shift the burden upon the railroad company of proving the contrary, we must have something more than is furnished in this case ; for if the verdict is to be sustained upon mere probabilities, it will be at least fair towards the railroad company to presume, that a woman, with a child in her arms, standing on the platform of a moving car would probably fall whenever the brake was applied to stop it.
I think the judgment and order should be reversed, and a new trial ordered with costs to the appellants to abide the event.